IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| AARON CORSON<br>    Plaintiff,<br><br>vs.<br><br>ELGIN POLICE OFFICER<br>CHRIS JENSON, ELGIN POLICE<br>OFFICER WOMACK, UNKNOWN<br>ELGIN POLICE OFFICERS,<br>and the CITY OF ELGIN,<br>    Defendants. | FILED: JULY 3, 2008<br>08CV3834<br>JUDGE KENDALL<br>MAGISTRATE JUDGE BROWN<br>MKH |

**COMPLAINT**

**NOW COMES** the Plaintiff, AARON CORSON (hereinafter "Corson"), by and through his attorneys, ERICKSON & OPPENHEIMER, PC, complaining of the Defendants, ELGIN POLICE OFFICER CHRIS JENSON and ELGIN POLICE OFFICER WOMACK (hereinafter "Officer Jenson" and "Officer Womack"), UNKNOWN ELGIN POLICE OFFICERS (hereinafter "Unknown Officers"), and the CITY OF ELGIN, and states as follows:

**Introduction**

1. This is a civil action brought pursuant to 42 U.S.C. Sections 1981 and 1983 to redress deprivation under the color of law of Corson's rights as secured by the Constitution of the United States of America.

2. Specifically, as a result of police misconduct and abuse more fully described below, Corson alleges that Defendants, in sum, intentionally inflicted emotional distress, assaulted, battered, unlawfully seized, while acting under the color of law. Plaintiff has been harmed by the unconstitutional conduct of the Defendants.

**Jurisdiction and Venue**

3. This Court has jurisdiction of the action pursuant to 28 U.S.C. Sections 1331 and 1367.

4. Venue is proper under U.S.C. Section 1391 (b). The events purported herein all occurred in the Northern District of Illinois. All parties to the case reside within the Northern District of Illinois.

**Parties**

5. Plaintiff Corson is an inmate at the Metropolitan Correctional Center (inmate #19207-424) at 71 W. Van Buren St., Chicago, Illinois.

6. Defendant(s) Officer Jenson, Officer Womack and Unknown Elgin Police Officers are all employees of the Elgin Police Department and acted under their authority as duly appointed police officers in the Elgin Police Department at all relevant times.

7. Defendant City of Elgin is a municipal corporation organized under the laws of the State of Illinois. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, employees, and for the injury occasioned thereby, it was the employer of Defendant(s) Officer Darr and Unknown Elgin Police Officers.

**Background Facts**

8. On or about July 7, 2006, Corson was a passenger in a vehicle driven by his brother.

9. While driving through Elgin, Illinois, Defendant Officers surrounded and blocked the above mentioned vehicle with their squad cars.

10. Officer Jenson and Officer Womack physically removed Corson from the vehicle.

11. Upon removal from the vehicle, Officer Jenson and Officer Womack handcuffed Corson behind his back.

12. While handcuffed, Officer Jenson and Officer Womack began beating Corson about his face, head and body causing bruising, wounds and his eyes to swell shut.

13. Unknown Officers allowed Officer Jenson and Officer Womack to beat Corson and did nothing to intervene to stop the beating.

14. Unknown Officers, Officer Jenson and Officer Womack refused to provide medical attention to Corson after his beating.

15. As a result of the beating by the Defendant Officers, Corson received wounds, bruises on his face and head; in addition, both his eyes swelled shut.

16. Corson was arrested, taken into custody and charged with two (2) counts of Possession of Cannabis and one (1) count of Resisting a Police Officer—said charges are still pending.

17. Upon release from custody, Corson sought medical treatment for said injuries at Sherman Hospital.

18.  As a result of the above mentioned beatings, Corson has been suffering from on-going severe headaches and a growth was recently discovered in his nasal cavity.

## COUNT I

### (LIABILITY UNDER 42 U.S.C § 1983)
### (VIOLATION OF FOURTH AMENDMENT)

19.  Corson realleges and reincorporates paragraphs 1 through 18.

20.  Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

21.  The Fourth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that the right of people to be secure in their persons against unreasonable searches and seizures shall not be violated.

22.  Defendants seized Corson by terminating his freedom of movement through means including, *inter alia*, surrounding his vehicle, giving him directive orders, detaining him, ordering him into a squad car, and holding him where they could inflict injuries upon his person.  These means were intentionally applied by Defendants while acting under color of state law.

23.  As a result of Defendant Officer's actions, Corson was not permitted or able to leave.

24.  Defendants used objectively unreasonable force in seizing Corson.

25.  Defendants actions took place prior to a judicial determination of probable cause.

26. As a result of Defendants' unreasonable seizure, Corson sustained bodily injuries in the form of, *inter alia*, multiple bruises, lacerations, abrasions, wounds, as well as injuries in the form of, *inter alia*, mental and emotional pain and suffering, humiliation, and past and future psychological damage.

27. By subjecting Corson to an unreasonable seizure, Defendant Officers deprived Corson of his rights under the Fourth Amendment to the U.S. Constitution. Defendants are, therefore, liable to Corson under 42 U.S.C. § 1983.

WHEREFORE, Plaintiff Corson requests actual and compensatory damages in an amount deemed at the time of trial to be just, and fair, as well as attorneys fees and costs.

## COUNT II

**(LIABILITY UNDER 42 U.S.C. § 1983)**
**(DENIAL OF DUE PROCESS—EXCESSIVE FORCE)**

28. Corson realleges and reincorporates all previous paragraphs.

29. Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

30. The Fourteenth Amendment to the United States Constitution, enforceable to 42 U.S.C. § 1983, a provided that no state shall deprive any person of life, liberty, or property, without due process of law.

31. Officer Jenson, Officer Womack Unknown Officers inflicted physical violence upon Corson that was excessive, unnecessary, and grossly disproportionate to the need for action under the circumstances.

32. When they inflicted physical violence upon Corson, Defendant Officers were acting "under color of state law."

33. The actions of the Officer Jenson, Officer Womack and Unknown Officers in inflicting violence upon Corson was willful, intentional and malicious and/or done with a reckless indifference to, and callous disregard for, Corson's rights, amounting to an abuse of power that shocks the conscience.

34. As a result of the excessive force inflicted by Officer Jenson, Officer Womack and Unknown Officers, Corson sustained severe bodily injuries in the form of, *inter alia*, multiple bruises, lacerations, abrasions, as well as severe injuries in the form of, *inter alia*, mental and emotional pain and suffering, humiliation, and past and future psychological damage. As a result of the excessive force inflicted by Defendant Officers, Corson also incurred medical expenses, costs and attorneys' fees.

35. By inflicting excessive force upon Corson, Officer Jenson, Officer Womack and Unknown Officers deprived Corson of liberty without due process of law in violation of his rights under the Fourteenth Amendment to the U.S. Constitution. Defendant Officers are, therefore, liable to Corson under 42 U.S.C. § 1983.

WHEREFORE, Plaintiff Corson requests actual and compensatory damages in an amount deemed at time of trial to be just, and fair, as well as attorneys fees and costs.

## COUNT III

**(LIABILITY UNDER 42 U.S.C. § 1983)**
**(FAILURE TO PROTECT OR INTERVENE)**

36. Corson realleges and reincorporates all previous paragraphs.

37. Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

38. Each Unknown Officer, Officer Jenson and Officer Womack witnessed excessive and/or unreasonable force being used against Corson by the other Defendants. Each Unknown Officer, Officer Jenson and Officer Womack witnessed the infringement of Corson's constitutional rights – including the right to due process of law, the right to be free from unreasonable seizures, and right to the equal protection of the laws guaranteed by the Fourteenth Amendment – being perpetrated by the other Defendant.

39. Each Unknown Officer, Officer Jenson and Officer Womack had reason to know that excessive and/or unreasonable force was being used.

40. Each Unknown Officer, Officer Jenson and Officer Womack had reason to know that Corson's constitutional rights – including the right to due process of law, the right to be free from unreasonable seizures, and right to the equal protection of the laws guaranteed by the Fourteenth Amendment – were being violated.

41. Each Unknown Officer, Officer Jenson and Officer Womack had reason to know that Corson had been unjustifiably arrested, unjustifiably taken to a place where a law enforcement officer could inflict injuries upon his person, and/or unjustifiably punished.

42. Constitutional violations were committed in the presence of each Unknown Officer, Officer Jenson and Officer Womack, and each Defendant had a realistic opportunity to intervene to prevent the harm from occurring.

43. Each Unknown Officer, Officer Jenson and Officer Womack failed to protect Corson and failed to intervene to prevent the infringement of Corson's constitutional rights.

44. The actions of the Unknown Officers, Officer Jenson and Officer Womack were willful, intentional and malicious and/or done with a reckless indifference to, and callous disregard for, Corson's safety and rights, amounting to an abuse of power that shocks the conscience.

45. As a result of each Unknown Officer, Officer Jenson and Officer Womack's failure to protect Corson or intervene, Corson sustained bodily injuries in the form of, *inter alia*, multiple bruises, lacerations, abrasions, as well as injuries in the form of, *inter alia*, mental and emotional pain and suffering, humiliation, and past and future psychological damage.  As a result of each Defendant's failure to protect or intervene, Corson incurred medical expenses, costs and attorneys' fees.

46. By failing to protect Corson or to intervene, each Unknown Officer, Officer Jenson and Officer Womack deprived Corson of his rights under the Fourteenth Amendment to the U.S. Constitution.  Defendants are, therefore, liable to Corson under 42 U.S.C. § 1983.

WHEREFORE, Plaintiff Corson requests actual and compensatory damages in an amount deemed at time of trial to be just, and fair, as well as attorneys fees and costs.

## COUNT IV

**(LIABILITY UNDER 42 U.S.C. § 1983)**
**(CONSPIRARCY TO INTERFERE WITH PLAINTIFF'S RIGHTS)**

47. Corson realleges and reincorporates all previous paragraphs.

48. Officer Jenson, Officer Womack and Unknown Officers conspired and falsely arrested and detained Corson without justification and without probable cause.

49. As a result of the concerted unlawful and malicious conspiracy of Officer Jenson, Officer Womack and Unknown Officers, Corson was deprived of both his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983 and 1985.

50. As a direct and proximate result of this conspiracy, Corson was injured, including the loss of his freedom, damage to his reputation, humiliation, pain, suffering, the deprivation of his constitutional rights and his dignity, lost time, attorneys' fees and extreme emotional distress.

WHEREFORE, Plaintiff Corson demands judgment for actual, compensatory, and punitive damages in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT V

### (STATE BATTERY CLAIM)

51. Corson realleges and reincorporates all previous paragraphs.

53. Officer Jenson, Officer Womack and Unknown Officers did not have a reasonable basis for using any force, or, the amount of force used.

54. Without the consent of Corson, Officer Jenson, Officer Womack and Unknown Officers intentionally, harmfully, and offensively touched Corson by beating him with fists about his body, head, face and eyes.

55. Officer Jenson, Officer Womack and Unknown Officers' conduct that resulted in these batteries were undertaken with malice, willfulness and reckless indifference to Corson's rights.

WHEREFORE, Plaintiff Corson demands judgment for actual, compensatory, and punitive damages in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT VI

### (STATE ASSAULT CLAIM)

56. Corson realleges and reincorporates all previous paragraphs.

57. Acting under color of law, Officer Jenson, Officer Womack and Unknown Officers denied Corson's constitutional rights by assaulting him.

58. Corson is a reasonable person who complied with Defendant Officers' requests.

59. Any reasonable person would also have become apprehensive in the face of Officer Jenson, Officer Womack and Unknown Officers' physical attack on Corson.

60. Officer Jenson, Officer Womack and Unknown Officers' conduct that resulted in this assault was undertaken with malice, willfulness and reckless indifference to Corson's rights.

WHEREFORE, because Officer Jenson, Officer Womack and Unknown Officers created an apprehension of immediate physical harm, Corson requests actual, compensatory and punitive damages in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT VII

### (STATE RESPONDEAT SUPERIOR)

61. Corson realleges and incorporates all of the allegations in the preceding paragraphs.

62. In committing the acts alleged in Count I -VII, Officer Jenson, Officer Womack and Unknown Officers were members and agents of the Elgin Police Department, acting at all relevant times within the scope of their employment.

63. Defendant City of Elgin is the employer of Officer Jenson, Officer Womack and Unknown Officers .

64. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.  735 ILCS 10/9-102.

65. As a proximate cause of Officer Jenson, Officer Womack and Unknown Officers' unlawful acts, which occurred within the scope of their employment activities, Corson suffered physical and emotional injuries.

WHEREFORE, Plaintiff Corson demands judgment against the City of Elgin for actual and compensatory damages in an amount deemed at time of trial to be fair and just, as well as reasonable attorneys' fees and legal costs.

## COUNT VIII

### (STATE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

66. Corson reallege and incorporate by reference all of the allegations in the preceding paragraphs.

67. The acts and conduct of Unknown Officers, Officer Jenson and Officer Womack as set forth above were extreme and outrageous.

68. Particularly, the conduct of Unknown Officers in subjecting Corson to being beat by Officer Jenson and Officer Womack was reasonably calculated to cause immense emotional distress to Plaintiff.

69. Unknown Officers, Officer Jenson and Officer Womack intended to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Corson.

70. Unknown Officers, Officer Jenson and Officer Womack's conduct was undertaken with malice, willfulness, and reckless indifference to the rights of Corson.

71. Said actions and conduct did directly and proximately cause Corson to suffer various severe emotional and physical problems.

72. Said actions and conduct caused Corson extensive grief and suffering, in that, due to the charges against him, caused him to be depressed.

WHEREFORE, Plaintiff Corson respectfully request that judgment be entered in his favor, awarding actual, compensatory and punitive damages, legal costs, including attorney's fees, and other such relief as the Court deems just and appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,

/s/ Jon Erickson, /s/ Michael Oppenheimer, /s/ Franco La Marca
Attorneys for Plaintiff

Erickson & Oppenheimer, PC
4554 N. Broadway | Suite 325
Chicago, IL 60640
1.773.907.0940