## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| AARON CORSON, | ) | Case No. 08 CV 3834 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ELGIN POLICE OFFICER CHRIS | ) | Judge Kendall |
| JENSON, ELGIN POLICE OFFICER | ) | Magistrate Judge Brown |
| WOMACK, UNKNOWN ELGIN  POLICE | ) | |
| OFFICERS, and the CITY OF ELGIN, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS, EGLIN POLICE OFFICER CHRIS JENSON and CITY OF ELGIN'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COME, Defendants, ELGIN POLICE OFFICER CHRIS JENSON and CITY OF ELGIN, by and through their attorneys, DeANO & SCARRY, and in response to Plaintiff's Complaint, answers as follows:

### Introduction

1.      This is a civil action brought pursuant to 42 U.S.C. Sections 1981 and 1983 to redress deprivation under the color of law of Corson's rights as secured by the Constitution of the United States of America.

ANSWER:    Defendants admit that this a civil action brought pursuant to the stated statutes and that it is alleged that Corson was deprived of his rights under color of law.  Defendants deny that Plaintiff is entitled to any relief whatsoever or that his rights were in any way violated.

1

2.      Specifically, as a result of police misconduct and abuse more fully described below, Corson alleges that Defendants, in sum, intentionally inflicted emotional distress, assaulted, battered, unlawfully seized, while acting under the color of law. Plaintiff has been harmed by the unconstitutional conduct of the Defendants.

ANSWER:     Defendants admit that this is what is alleged, but deny that they engaged in the conduct as alleged or that the Plaintiff has suffered any harm.

### Jurisdiction and Venue

3.      This Court has jurisdiction of the action pursuant to 28 U.S.C. Sections 1331 and 1367.

ANSWER:     Defendants admit the allegations contained in paragraph 3.

4.      Venue is proper under U.S.C. Section 1391 (b). The events purported herein all occurred in the Northern District of Illinois. All parties to the case reside within the Northern District of Illinois.

ANSWER:     Defendants admit the allegations contained in paragraph 4.

### Parties

5.      Plaintiff Corson is an inmate at the Metropolitan Correctional Center (inmate #19207-424) at 71 W. Van Buren St., Chicago, Illinois.

ANSWER:     Defendants admit the allegations contained in paragraph 5.

6.      Defendant(s) Officer Jenson, Officer Womack and Unknown Elgin Police Officers are all employees of the Elgin Police Department and acted under their authority as duly appointed police officers in the Elgin Police Department at all relevant times.

ANSWER:     Defendants admit that Officer Jensen was an employee of the City of Elgin and that he acted under his authority as a duly appointed police officer in the Elgin Police Department at all

2

relevant times. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6, and demand strict proof thereof.

7.      Defendant City of Elgin is a municipal corporation organized under the laws of the State of Illinois. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, employees, and for the injury occasioned thereby, it was the employer of Defendant(s) Officer Darr and Unknown Elgin Police Officers.

ANSWER:    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that it was the employer of unknown officers. Defendant City admits only that it implements policies, procedures and practices and pleading further Defendants deny the remaining allegations contained in paragraph 7.

### Background Facts

8.      On or about July 7, 2006, Corson was a passenger in a vehicle driven by his brother.

ANSWER:    Defendants admit the allegations contained in paragraph 8.

9.      While driving through Elgin, Illinois, Defendant Officers surrounded and blocked the above mentioned vehicle with their squad cars.

ANSWER:    Defendants admit that Officer Jensen was involved in the stop of the vehicle operated by Corson's brother. Defendants deny each and every remaining allegation contained in paragraph 9.

10.      Officer Jenson and Officer Womack physically removed Corson from the vehicle.

ANSWER:    Defendants deny each and every allegation contained in paragraph 10

11.      Upon removal from the vehicle, Officer Jenson and Officer Womack handcuffed Corson behind his back.

ANSWER:    Defendants admit that Officer Jensen assisted in handcuffing Corson behind his

back after he was removed from the vehicle. Defendants deny each and every remaining allegation contained in paragraph 11.

12.    While handcuffed, Officer Jenson and Officer Womack began beating Corson about his face, head and body causing bruising, wounds and his eyes to swell shut.

ANSWER:    Defendants deny each and every allegation contained in paragraph 12.

13.    Unknown Officers allowed Officer Jenson and Officer Womack to beat Corson and did nothing to intervene to stop the beating.

ANSWER:    Defendants deny each and every allegation contained in paragraph 13.

14.    Unknown Officers, Officer Jenson and Officer Womack refused to provide medical attention to Corson after his beating.

ANSWER:    Defendants deny each and every allegation contained in paragraph 14.

15.    As a result of the beating by the Defendant Officers, Corson received wounds, bruises on his face and head; in addition, both his eyes swelled shut.

ANSWER:    Defendants admit that Plaintiff had an abrasion near his right eye caused during his physical resistance to arrest, pleading further, Defendants deny the remaining allegations contained in paragraph 15.

16.    Corson was arrested, taken into custody and charged with two (2) counts of Possession of Cannabis and one (1) count of Resisting a Police Officer-said charges are still pending.

ANSWER:    Defendants admit the allegations contained in paragraph 16.

17.    Upon release from custody, Corson sought medical treatment for said injuries at Sherman Hospital.

ANSWER:    Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 17 and demand strict proof thereof.

     18.    As a result of the above mentioned beatings, Corson has been suffering from on-

going severe headaches and a growth was recently discovered in his nasal cavity.

ANSWER:    Defendants deny the allegations contained in paragraph 18.

## COUNT I

### (LIABILITY UNDER 42 U.S.C § 1983)
### (VIOLATION OF FOURTH AMENDMENT)

     19.    Corson realleges and reincorporates paragraphs 1 through 18.

ANSWER:    Defendants restate their answers to paragraphs 1 through 18 as if fully stated herein.

     20.    Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives

another person of his federal constitutional rights is liable to the injured party.

ANSWER:    Defendants admit the allegations contained in paragraph 20, but deny they

committed any such violation or that Plaintiff is entitled to any relief whatsoever.

     21.    The Fourth Amendment to the United States Constitution, enforceable pursuant to

42 U.S.C. § 1983, provides that the right of people to be secure in their persons against

unreasonable searches and seizures shall not be violated.

ANSWER:    Defendants admit the allegations contained in paragraph 20, but deny they

committed any violation of Plaintiff's Fourth Amendment rights or that Plaintiff is entitled to any

relief whatsoever.

     22.    Defendants seized Corson by terminating his freedom of movement through means

including, *inter alia,* surrounding his vehicle, giving him directive orders, detaining him, ordering

him into a squad car, and holding him where they could inflict injuries upon his person. These

means were intentionally applied by Defendants while acting under color of state law.

ANSWER:    Defendants admit that Plaintiff was placed under arrest, pleading further deny the remaining allegations contained in paragraph 22.

23.    As a result of Defendant Officer's actions, Corson was not permitted or able to leave.

ANSWER:    Defendants admit that Plaintiff was placed under arrest, but deny the remaining allegations contained in paragraph 23.

24.    Defendants used objectively unreasonable force in seizing Corson.

ANSWER:    Defendants deny each and every allegation contained in paragraph 24.

25.    Defendants actions took place prior to a judicial determination of probable cause.

ANSWER:    Defendants admit that Corson was placed under arrest prior to a judicial determination of probable cause, but deny that this violated Plaintiff's constitutional rights. Defendants deny each and every other allegation contained in paragraph 25.

26.    As a result of Defendants' unreasonable seizure, Corson sustained bodily injuries in the form of, *inter alia,* multiple bruises, lacerations, abrasions, wounds, as well as injuries in the form of, *inter alia,* mental and emotional pain and suffering, humiliation, and past and future psychological damage.

ANSWER:    Defendants deny each and every allegation contained in paragraph 26.

27.    By subjecting Corson to an unreasonable seizure, Defendant Officers deprived Corson of his rights under the Fourth Amendment to the U.S. Constitution. Defendants are, therefore, liable to Corson under 42 U.S.C. § 1983.

ANSWER:    Defendants deny each and every allegation contained in paragraph 27.

## COUNT II

## (LIABILITY UNDER 42 U.S.C. § 1983)
## (DENIAL OF DUE PROCESS-EXCESSIVE FORCE)

28.    Corson realleges and reincorporates all previous paragraphs.

ANSWER:    Defendants restate and realleges their answers to paragraphs 1 through 27 as if fully stated herein.

29.    Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

ANSWER:    Defendants admit the allegations contained in paragraph 29, but deny they committed any such violation or that Plaintiff is entitled to any relief whatsoever.

30.    The Fourteenth Amendment to the United States Constitution, enforceable to 42 U.S.C. § 1983, a provided that no state shall deprive any person of life, liberty, or property, without due process of law.

ANSWER:    Defendants admit the allegations contained in paragraph 30, but deny they committed any violation of Plaintiff's due process rights or that Plaintiff is entitled to any relief whatsoever.

31.    Officer Jenson, Officer Womack Unknown Officers inflicted physical violence upon Corson that was excessive, unnecessary, and grossly disproportionate to the need for action under the circumstances.

ANSWER:    Defendants deny each and every allegation contained in paragraph 31.

32.    When they inflicted physical violence upon Corson, Defendant Officers were acting "under color of state law."

ANSWER:    Defendants admit Jensen acted under color of law.  Defendants deny each and every remaining allegation contained in paragraph 32.

33.    The actions of the Officer Jenson, Officer Womack and Unknown Officers in inflicting violence upon Corson was willful, intentional and malicious and/or done with a reckless indifference to, and callous disregard for, Corson's rights, amounting to an abuse of power that shocks the conscience.

ANSWER:    Defendants deny each and every allegation contained in paragraph 33.

34.    As a result of the excessive force inflicted by Officer Jenson, Officer Womack and Unknown Officers, Corson sustained severe bodily injuries in the form of, *inter alia,* multiple bruises, lacerations, abrasions, as well as severe injuries in the form of, *inter alia,* mental and emotional pain and suffering, humiliation, and past and future psychological damage. As a result of the excessive force inflicted by Defendant Officers, Corson also incurred medical expenses, costs and attorneys' fees.

ANSWER:    Defendants deny each and every allegation contained in paragraph 34.

35.    By inflicting excessive force upon Corson, Officer Jenson, Officer Womack and Unknown Officers deprived Corson of liberty without due process of law in violation of his rights under the Fourteenth Amendment to the U.S. Constitution. Defendant Officers are, therefore, liable to Corson under 42 U.S.C. § 1983.

ANSWER:    Defendants deny each and every allegation contained in paragraph 35.

## COUNT III

### (LIABILITY UNDER 42 U.S.C. § 1983)
### (FAILURE TO PROTECT OR INTERVENE)

36.    Corson realleges and reincorporates all previous paragraphs.

ANSWER:    Defendants restate and reallege their answers to paragraphs 1 through 35 as if fully stated herein.

37.     Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

ANSWER:     Defendants admit the allegations contained in paragraph 37, but deny they committed any such violation or that Plaintiff is entitled to any relief whatsoever.

38.     Each Unknown Officer, Officer Jenson and Officer Womack witnessed excessive and/or unreasonable force being used against Corson by the other Defendants. Each Unknown Officer, Officer Jenson and Officer Womack witnessed the infringement of Corson's constitutional rights - including the right to due process of law, the right to be free from unreasonable seizures, and right to the equal protection of the laws guaranteed by the Fourteenth Amendment - being perpetrated by the other Defendant.

ANSWER:     Defendants deny each and every allegation contained in paragraph 38.

39.     Each Unknown Officer, Officer Jenson and Officer Womack had reason to know that excessive and/or unreasonable force was being used.

ANSWER:     Defendants deny each and every allegation contained in paragraph 39.

40.     Each Unknown Officer, Officer Jenson and Officer Womack had reason to know that Corson's constitutional rights - including the right to due process of law, the right to be free from unreasonable seizures, and right to the equal protection of the laws guaranteed by the Fourteenth Amendment - were being violated.

ANSWER:     Defendants deny each and every allegation contained in paragraph 40.

41.     Each Unknown Officer, Officer Jenson and Officer Womack had reason to know that Corson had been unjustifiably arrested, unjustifiably taken to a place where a law enforcement officer could inflict injuries upon his person, and/or unjustifiably punished.

ANSWER:     Defendants deny each and every allegation contained in paragraph 41.

9

42.     Constitutional violations were committed in the presence of each Unknown Officer, Officer Jenson and Officer Womack, and each Defendant had a realistic opportunity to intervene to prevent the harm from occurring.

ANSWER:    Defendants deny each and every allegation contained in paragraph 42.

43.     Each Unknown Officer, Officer Jenson and Officer Womack failed to protect Corson and failed to intervene to prevent the infringement of Corson's constitutional rights.

ANSWER:    Defendants deny each and every allegation contained in paragraph 43.

44.     The actions of the Unknown Officers, Officer Jenson and Officer Womack were willful, intentional and malicious and/or done with a reckless indifference to, and callous disregard for, Corson's safety and rights, amounting to an abuse of power that shocks the conscience.

ANSWER:    Defendants deny each and every allegation contained in paragraph 44.

45.     As a result of each Unknown Officer, Officer Jenson and Officer Womack's failure to protect Corson or intervene, Corson sustained bodily injuries in the form of, *inter alia,* multiple bruises, lacerations, abrasions, as well as injuries in the form of, *inter alia,* mental and emotional pain and suffering, humiliation, and past and future psychological damage. As a result of each Defendant's failure to protect or intervene, Corson incurred medical expenses, costs and attorneys' fees.

ANSWER:    Defendants deny each and every allegation contained in paragraph 45.

46.     By failing to protect Corson or to intervene, each Unknown Officer, Officer Jenson and Officer Womack deprived Corson of his rights under the Fourteenth Amendment to the U.S. Constitution. Defendants are, therefore, liable to Corson under 42 U.S.C. § 1983.

ANSWER:    Defendants deny each and every allegation contained in paragraph 46.

WHEREFORE Defendants deny that Plaintiff is entitled to recovery in any amount whatsoever.

## COUNT IV

### (LIABILITY UNDER 42 U.S.C. § 1983)
### (CONSPIRARCY TO INTERFERE WITH PLAINTIFF'S RIGHTS)

47.    Corson realleges and reincorporates all previous paragraphs.

ANSWER:    Defendants restate and reallege their answers to paragraphs 1 through 46 as if fully stated herein.

48.    Officer Jenson, Officer Womack and Unknown Officers conspired and falsely arrested and detained Corson without justification and without probable cause.

ANSWER:    Defendants deny each and every allegation contained in paragraph 48.

49.    As a result of the concerted unlawful and malicious conspiracy of Officer Jenson, Officer Womack and Unknown Officers, Corson was deprived of both his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983 and 1985.

ANSWER:    Defendants deny each and every allegation contained in paragraph 49.

50.    As a direct and proximate result of this conspiracy, Corson was injured, including the loss of his freedom, damage to his reputation, humiliation, pain, suffering, the deprivation of his constitutional rights and his dignity, lost time, attorneys' fees and extreme emotional distress.

ANSWER:    Defendants deny each and every allegation contained in paragraph 50.

## COUNT V

### (STATE BATTERY CLAIM)

By separate pleading, Defendants have moved to dismiss this Count  as it was filed after the expiration of the applicable statute of limitations. 745 ILCS 10/8-101.

## COUNT VI

### (STATE ASSAULT CLAIM)

By separate pleading, Defendants have moved to dismiss this Count  as it was filed after the expiration of the applicable statute of limitations. 745 ILCS 10/8-101.

## COUNT VII

### (STATE RESPONDEAT SUPERIOR)

By separate pleading, Defendants have moved to dismiss this Count  as it was filed after the expiration of the applicable statute of limitations. 745 ILCS 10/8-101.

## COUNT VIII

### (STATE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

By separate pleading, Defendants have moved to dismiss this Count  as it was filed after the expiration of the applicable statute of limitations. 745 ILCS 10/8-101.

## AFFIRMATIVE DEFENSES

NOW COME Defendants, ELGIN POLICE OFFICER CHRIS JENSON and CITY OF ELGIN, and pleading in the affirmative, aver the following affirmative defenses:

## COUNTS I – IV

1. As to the section 1983 claims raised in Counts I, II, III, & IV of Plaintiff's Complaint, Defendant Schmidt is entitled to qualified immunity for the reason that he did not violate any

clearly established law and his conduct did not deviate from the conduct of an objectively reasonable officer in his situation with respect to the Plaintiff.

2. As to the section 1983 claims raised in Counts I, II, III, & IV, wherein Plaintiff seeks recovery of attorney's fees, the city of Elgin is not obligated to indemnify any award of attorneys' fees made against any of its employees or officers. *Yang v City of Chicago*, 195 Ill2d 96 (2001).

### COUNTS V - VIII

As to the state claims raised in Counts V through VIII, Defendants assert:

a)    Defendant Jenson exercised discretion in determining the existence of probable cause for charges brought against Plaintiff and is therefore immune from liability for all claims. 745 ILCS 10/2-201;

b)    Defendant Jenson did not act willfully and wantonly in his interaction with the Plaintiff and is therefore immune from liability for any claim based upon such conduct. 745 ILCS 10/2-202;

WHEREFORE, the Defendants, ELGIN POLICE OFFICER CHRIS JENSON and CITY OF ELGIN respectfully request that judgment be entered in their favor in its entirety and that this Court award costs and any other relief deemed reasonable and just.


Respectfully submitted,

DeANO & SCARRY, LLC

_____s/James L. DeAno_____
Attorney for Defendants, ELGIN POLICE OFFICER CHRIS JENSON and CITY OF ELGIN

James L. DeAno #6180161
Laura L. Scarry  #6231266
Patrick F. Moran #6279297
Scott B. Dolezal  #6274826
DeAno & Scarry, LLC
53 W. Jackson Blvd.
Suite 1062
Chicago, IL 60604
(630) 690-2800
Fax:  (630) 690-2853